COMAS HOLDING CORPORATION, Plaintiff, *v.* ABRAHAM HANDEL and Another, Defendants.   (Actions Nos. 1 and 2.)

City Court of New York, New York County, July 13, 1933.

*Gustavus Leight,* for the plaintiff.

*Safirstein & Handel,* for the defendants.

KAHN, J.   These are actions brought upon a written lease for the recovery of rent for the months of April and May, 1933.   The

defendants, Abraham Handel and Max Mandelbaum, leased the premises in question for a term of ten years, commencing March 1, 1933. It was contemplated at the time the lease was drawn that defendants would organize a corporation to which the lease would be assigned. The instrument contained the following rider: " It is understood and agreed that the tenants herein named will not be liable under the terms and covenants of this lease, except as provided for in a written guarantee to be made part of this lease, provided this lease is transferred or assigned in writing by the tenants herein before taking possession of the demised premises, to a New York corporation in which the tenants herein will be the officers and will hold the majority of the capital stock." (Rider 8.)

The guaranty clause reads as follows: " In consideration of the letting of the premises within described and the release by the landlord herein to Abraham Handel and Max Mandelbaum of their obligations under this lease, except as herein provided, we, the undersigned do hereby become surety for the punctual payment of the rent and the performance of the covenants in the within lease set forth to be paid and performed by the said tenants in the within agreement, not to exceed the total sum of Twenty-five Hundred ($2500), and if any default should be made by the tenants herein, we do hereby promise and agree to pay to the said landlord the said sum or sums of money as will be sufficient to make up any and all deficiencies and to fully satisfy the covenants and conditions of this agreement to be performed on the part of the said tenants, without requiring any notice of non payment or proof of demand, not however to exceed the total sum of Twenty-five Hundred ($2500) Dollars. * * *

" This is a primary obligation entered into between the undersigned and the landlord herein and the landlord is induced by virtue of this undertaking and the obligations herein assumed by the tenants to make and execute the within lease."

The lease contained the further provision that the tenant could assign, sublease or mortgage the term without the landlord's consent provided the transferee assumed in writing the obligations of the lease. This clause provided that in the event of such assignment or sublease, " the tenants, however, shall in any event be held liable for their original liability on the lease."

Defendants before taking possession organized the Stella Restaurant, Inc., to which the lease was assigned. Stella Restaurant, Inc., in turn assigned the lease to the 2294 Broadway Corporation, also before taking possession. The second corporation assumed in writing the terms and conditions of the lease and the assumption agreement was delivered and accepted by the landlord. Upon the

default of the 2294 Broadway Corporation in the payment of rent, plaintiff demanded payment of Handel and Mandelbaum. Upon their refusal these actions were instituted.

There is no dispute as to the essential facts. The sole issue is whether the lease obligates Handel and Mandelbaum to make good the default of a subsequent assignee.

The assignment clause, as we have seen, preserves the original liability of the tenants, notwithstanding any assignment. But this clause must be read together with the provision regarding the assignment of the lease to the corporation which was being organized. The one relates to assignments generally, the other to the particular transfer which was then being contemplated. The generality of the first provision is qualified by the specific terms of the second, and whatever inconsistency there may be must be resolved in favor of the latter clause. So read, it is evident that the parties intended the written guaranty to govern their rights and liabilities in the event the lease was transferred to a corporation controlled by defendants.

By the guaranty, however, defendants became surety for the performance of their own obligation. The lease in the opening clause describes them as the tenant. The guaranty makes them surety for the punctual payment of the rent and the performance of the covenants " by the said tenants." They do not in terms guarantee performance of the lease by any assignee, either immediate or remote.

Defendants accordingly contend that they are not obligated to make good the default of the 2294 Broadway Corporation. They read the guaranty as imposing an obligation merely to stand as surety for the observance of the lease by their immediate corporate assignee, Stella Restaurant, Inc.

Plaintiff, on the other hand, insists that the clause denominated "Guarantee " is no guaranty at all. Defendants as original tenants were primarily liable under the lease. An obligor, plaintiff argues, cannot guarantee his own obligation. The so-called guaranty clause must be considered together with the assignment clause. So read, it becomes, according to the argument, a limitation of liability rather than a guaranty. The assignment clause preserves the tenant's liability in the event of an assignment and the so-called guaranty clause limits the liability in the sum of $2,500.

But this contention necessarily ignores rider 8. Its effect is to continue the tenant's liability for the term of the lease regardless of the number of assignments. This is tantamount to making the tenants guarantors of all the assignees to the extent of $2,500. But the guaranty clause does not so provide. It constitutes defendants surety for " the said tenants " and not for the " assignees of the said

tenants." It is noteworthy that the same clause which contains the guaranty of rent guarantees the restoration of the premises " by the tenants or their assigns." The difference in language is significant.

It is inconceivable that the parties intended defendants to indulge in the empty gesture of guaranteeing their own obligation. But the infelicitous language provides for such a guaranty and none other. Plaintiff in effect asks the court to insert the words " or assigns " after the words " by said tenants." But who can say that the parties intended a broad guaranty? Perhaps their intention was to limit the guaranty to the performance of the lease by the immediate corporate assignee. One can but speculate. The inconsistent and unfortunate wording of the lease affords no aid to construction. The inept language does not express the parties' intention. The task at hand is not to construe but to rewrite. That is the function of a court of equity in a suit to rectify the mistake and reform the instrument and not of a court of law upon a motion for summary judgment.

The lease fails to indicate whether defendants were to guarantee the obligation of their own corporation or of every assignee. The language employed does neither. There is, therefore, no basis for imposing the liability which is sought to be enforced in these actions. The motions must consequently be denied. Orders signed.